THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State, Respondent,
v.
Judy Martin, Appellant.
 
 
 

Appeal From Spartanburg County
 Reginald I. Lloyd, Circuit Court Judge

Unpublished Opinion No. 2005-UP-598   
Heard November 8, 2005  Filed November 28, 2005 

AFFIRMED

 
 
 
Assistant Appellate Defender Robert M. Pachak, Office of Appellate Defense, of Columbia, for Appellant.
Attorney General Henry D. McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Sr. Assistant Attorney General Norman Mark Rapoport, Office of the Attorney General, all of Columbia, Harold W. Gowdy, III, Seventh Circuit Solicitors Office, of Spartanburg, for Respondents.
 
 
 

PER CURIAM:  Judy Martin appeals her sentence for voluntary manslaughter in connection with the shooting death of her husband.  We affirm.
BACKGROUND
On February 25, 2002, the Spartanburg County Grand Jury indicted Martin for the murder of her husband. On July 28, 2003, Martin entered an Alford plea to voluntary manslaughter.  
After accepting Martins plea, the trial judge acknowledged Martin was raising a battered spouse defense to some extent and permitted both sides to present witnesses regarding this issue.  Of particular note during this hearing was the testimony of Jessie Scott Martin (Scottie), the adult son of both Martin and the victim and the only eyewitness to the incident other than Martin herself.  According to Scottie, the victim approached Martin while holding up a spoon in a threatening way.  As Martin attempted to retreat from the victim, he continued to move toward her until she backed into the living room wall.  Martin then pulled a pistol from her purse and started shooting.  Several shots misfired, but two bullets hit the victim.  Scottie testified Martin and the victim had always argued and fought.  Martin and other witnesses corroborated this statement.  The defense submitted pictures of Martin with bruises and other injuries.  The State, however, presented witnesses who asserted they knew of no abusive behavior by the victim.
At the conclusion of the hearing, the trial judge concluded Martin failed to present credible evidence that criminal domestic violence played any part in the offense.  Specifically, the trial judge found as follows:

I . . . do not find that there is credible evidence of criminal domestic violence involved in this situation.  I do believe that, at some point, there may [have] been [domestic violence] in these part[ies] history.  I dont believe that it played any part in what happened.
. . .
The defendant has the burden of establishing that by the preponderance of the evidence.  I respectfully decline to find that theres credible evidence, based upon what was presented, that played any part at all in this offense.

Based on this reasoning, the trial judge sentenced Martin to twenty-two years imprisonment. 
In Martins initial appeal, the South Carolina Office of Appellate Defense filed an Anders brief and petition to be relieved as counsel, setting forth as the sole issue of arguable merit the contention that the trial judge erred in finding the record contained insufficient credible evidence of criminal domestic violence.  On December 7, 2004, this court denied the petition to be relieved as counsel and directed the parties to brief the following issues:  (1) whether the trial judge, in determining Martins eligibility for parole under South Carolina Code section 16-25-90, applied the correct burden of proof regarding Martins presentation of credible evidence of a history of criminal domestic violence suffered at the hands of the victim,[1] and (2) whether the trial judge, in determining Martins eligibility for parole under South Carolina code section 16-25-60, incorrectly required her to prove that the incident leading to the fatal shooting of the victim resulted from domestic violence.[2]  
DISCUSSION
1.  After reviewing the briefs and examining the record anew, we agree with the State that the issue of whether the trial judge applied the correct burden of proof in determining Martins eligibility for parole under South Carolina Code section 16-25-90 cannot be addressed in this appeal.  During the hearing, Martin never mentioned section 16-25-90 or requested any rulings regarding her eligibility for parole.  Moreover, we have found nothing in the record suggesting the trial judge considered the history of domestic violence between Martin and her husband as anything other than a general mitigating circumstance to support her request for a lenient sentence.[3]  
2.  Likewise we do not address the issue of whether the trial judge, in determining Martins eligibility for parole under South Carolina code section 16-25-60, incorrectly required her to prove the incident leading to the fatal shooting of the victim resulted from domestic violence.  Defense counsel never raised this issue to the trial judge.  In any event, we agree with the State that section 16-25-60 would not have been applicable to the present case.[4]
 AFFIRMED.
GOOLSBY, ANDERSON, and SHORT, JJ., concur.

[1]  In 2002, South Carolina Code section 16-25-90 provided as follows:

Notwithstanding any provision of Chapters 13 and 21 of Title 24, and notwithstanding any other provision of law, an inmate who was convicted of, or pled guilty or nolo contendere to, an offense against a household member shall be eligible for parole after serving one-fourth of his prison term when the inmate at the time he pled guilty to, nolo contendere to, or was convicted of an offense against the household member, or in post- conviction proceedings pertaining to the plea or conviction, presented credible evidence of a history of criminal domestic violence, as provided in Section 16-25-20, suffered at the hands of the household member. This section shall not affect the provisions of Section 17-27-45.

S.C. Code Ann. § 16-25-90 (1985).  The statute was amended in 2003; however, the changes do not appear to be of a nature that would have affected our disposition of this appeal.
[2]  South Carolina Code section 16-25-60 requires the court to consider the following in determining whether or not to suspend the imposition or execution of all or part of a sentence for criminal domestic violence:  (1) the nature and severity of the offense, the number of times the offender has repeated the offense, and the best interests and safety of the victim.  S.C. Code Ann. § 16-25-60(D) (1985).  This section was omitted by 2003 Acts 92, § 2, effective January 1, 2004.
[3]  See State v. Dunbar, 356 S.C. 138, 142, 587 S.E.2d 691, 693 (2003) (In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial judge.).
[4]  Section 16-25-60 applied only to the suspension of a sentence for a conviction of criminal domestic violence, as provided in section 16-25-20 or section 16-25-50.  Martins conviction was not for a criminal domestic violence offense.